UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHIRAG AMIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 13 CV 7889 |
| v. ) | |
| ) | Hon. Marvin E. Aspen |
| INTERNATIONAL SERVICES, INC., ET AL. ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Presently before us is Plaintiff Chirag Amin's application to proceed *in forma pauperis* in his lawsuit against International Services, Inc., et al. In his complaint, Amin alleges that the Illinois Department of Labor ("IDOL") "failed to fully resolve" his Illinois Wage Payment and Collection Act ("IWPCA") claim and that employees of International Services, Inc. submitted false information in the IDOL proceedings. (Compl. ¶¶ 43, 44.)

Before granting leave to file *in forma pauperis*, we must first determine whether Amin is indigent. 28 U.S.C. § 1915(a)(1). We must also conduct an initial review of Amin's complaint and dismiss the action if we find that: (1) it is frivolous or malicious; (2) it fails to state a claim on which relief may be granted; or (3) it seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). As to the second factor, failure to state a claim, we apply the test for dismissal under Rule 12(b)(6), which requires "that a complaint contain 'enough facts to state a claim that is plausible on its face.'" *Moore v. F.B.I.*, No. 07-1294, 2008 WL 2521089, at *1 (7th Cir. June 25, 2008) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570,

127 S. Ct. 1955, 1974 (2007)); *see also George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007).

**I. Whether Amin is indigent**

In support of his allegation of poverty, Amin submitted the required financial affidavit. He states that he has been unemployed since 2008. (Aff. ¶ 2.) In the past twelve months, Amin has received $8,570 from self-employment. (*Id*. ¶ 4(b).) Additionally, he has $1,307 in cash or bank accounts. (*Id*. ¶ 5.) We thus find that Amin's income therefore places him below the poverty guideline for a single-person household as established by the Department of Health and Human Services. *See* Health and Human Services 2013 Poverty Guidelines (setting the guideline at $11,490 annually for a one-person household).

**II. Review of Amin's complaint**

We must next review the sufficiency of the complaint. Because Amin is proceeding *pro se* we have responsibility to construe his complaint liberally. *Donald v. Cook City Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Nevertheless, the complaint fails in part because it seeks damages from defendants who are immune from such relief and in part because it fails to state a claim on which relief may be granted.

**A. The complaint seeks relief from defendants who are immune**

First, the claims against Administrative Law Judge ("ALJ") Raymond C. Cyrus and Chief ALJ Claudia D. Manley must fail because they attempt to seek damages from defendants who are entitled to immunity. Judges are entitled to absolute judicial immunity for "acts performed by the judge 'in the judge's *judicial capacity*.'" *Dawson v. Newman*, 419 F.3d 656,

661 (7th Cir. 2005) (quoting *Dellenback v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989)). Here, Amin has filed suit against two ALJs within the IDOL. "[W]hen a government official serves in a judicial or quasi-judicial capacity, the principles underlying the doctrine of absolute immunity are strongly implicated." *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603 (7th Cir. 2002). Like other judges, state ALJs are immune from suits for damages if their acts "form[] an integral part of the adjudicatory process." *Id*. at 623 (holding that the scheduling of parole hearings by ALJs within the Illinois Department of Children and Family Services constitutes a judicial function subject to absolute immunity). The acts about which Amin complains—that Judge Cyrus and Judge Manley ignored relevant facts and laws in their decisions (*see* Compl. ¶¶ 55, 60)—are also acts that concern an integral part of the adjudicatory process. Accordingly, Judge Cyrus and Judge Manley are entitled to immunity for those acts, and Amin's claims against them must be dismissed.

Second, the claims against the IDOL (Compl. ¶ 69(ii))[1] must fail because, as a state agency, the IDOL is immune from suit for damages under the Eleventh Amendment. See *Weston v. Illinois Dep't of Human Servs*., 433 F. App'x 480, 482 (7th Cir. 2011) (holding that the Illinois Department of Human Services was immune under the Eleventh Amendment from suit for damages).

**B. The complaint fails to state a claim on which relief may be granted**

Lastly, we lack subject matter jurisdiction over the claims against the remaining defendants: International Services, Inc.; its employees Bart Pryputniewicz and Larry Lang; and

---

[1]We note that the particular claims against the IDOL regarding alleged mail fraud and racketeering activities under 18 U.S.C. § 1341 and 18 U.S.C. § 1962(c)(d) (Compl.¶ 50) also fail because no private right of action exists for criminal provisions. *See infra* Part II(B).

former IDOL Director Catherine M. Shannon, who is named in her individual capacity. Amin alleges that the International Services, Inc. and its employees undermined his compensation claim by submitting false information in the IDOL proceedings in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 1962(c)(d), and that Shannon "aided and abetted IDOL's employees" in violation of 18 U.S.C. § 1962(d). (Compl. ¶ 42, 44, 67.) These statutes make it a crime to engage in mail fraud and racketeering activities, respectively, and "it is well settled no private right of action inheres" in criminal provisions. *Cooney v. Rossiter*, 07 C 2747, 2008 WL 3889945, *18 (N.D. Ill. Aug. 20, 2008) *aff'd*, 583 F.3d 967 (7th Cir. 2009) (quoting *Pawelek v. Paramount Studios Corp.*, 571 F. Supp. 1082, 1083 (N.D. Ill. 1983)). Because Amin may not prosecute a criminal action, these claims are dismissed.

In liberally reviewing the complaint, we note that to the extent Amin is seeking a review of the IDOL proceedings regarding his IWPCA claim, we lack the authority to do so since it is a state claim. *See* 820 ILCS 115/11 (a)(d) (permitting an employee aggrieved by a violation of the IWPCA to file suit with the Department of Labor or in circuit court of Illinois). We thus lack independent jurisdiction because no federal question has been presented.

Because the complaint seeks damages from defendants who are entitled to immunity and because it fails to state a claim upon which relief may be granted, we deny Amin's application to proceed *in forma pauperis*. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Date: November 14, 2013

4